IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID MICHAEL SHEID, Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-08-3295 |
| UNITED STATES MARSHAL SERVICE, et al., Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendant United States Marshal Service's ("USMS") Motion to Dismiss (Docket Entry No. 22).[1] Also pending are plaintiff David Michael Sheid's Motion for Leave to File an Amended/Supplemental Complaint (Docket Entry No. 6), Motion for Leave to File Supplemental Complaint (Docket Entry No. 12), Motion for Appointment of Counsel (Docket Entries No. 18 and 19),[2] Motion for Leave to File a Supplemental Complaint / and the Supplementations to Amended Complaint (Docket Entry No. 21), Emergency Motion Seeking Order Transferring Prisoner (Docket Entry

[1]In response to this motion, Sheid filed Plaintiff's Response to Defendant's Motion to Dismiss (Docket Entry No. 28).

[2]Sheid filed two identical copies of the Motion for Appointment of Counsel (Docket Entries No. 18 and 19).

23), and Motion Requesting Court Ordered Identification Disclosure of Unknown Defendants (Docket Entry No. 27).

For the reasons stated below, the court will grant Sheid's Motion for Leave to File Supplemental Complaint (Docket Entry No. 12), and Motion for Leave to File a Supplemental Complaint / and the Supplementations to Amended Complaint (Docket Entry No. 21). Sheid's Motion for Leave to File an Amended/Supplemental Complaint (Docket Entry No. 6) and his Emergency Motion Seeking Order Transferring Prisoner (Docket Entry 23) are moot. The court will deny Sheid's Motion for Appointment of Counsel (Docket Entries No. 18 and 19) and Motion Requesting Court Ordered Identification Disclosure of Unknown Defendants (Docket Entry No. 27).

Also, for the reasons stated below, the court will grant the USMS's Motion to Dismiss (Docket Entry No. 22), and the court will sua sponte dismiss Sheid's claims against the unidentified, individual Marshals.

## I. Background

### A. Factual and Procedural History

On January 24, 2008, Sheid was serving a term of imprisonment for a state court conviction in the custody of the Texas Department of Criminal Justice -- Institutional Division ("TDCJ-ID") at the

Eastham Unit in Lovelady, Texas.[3] That day Sheid was notified that he would soon be transferred to federal custody on a bench warrant so that he could appear in federal court in Fort Worth, Texas, for an evidentiary hearing with regard to his pending motion under 28 U.S.C. § 2255 challenging a federal prison sentence that he received for a separate federal conviction.[4]

Sheid contends that on January 30, 2008, he was transported to a federal building in Houston, Texas, where he was turned over to the USMS.[5] Sheid alleges that he brought with him to Houston certain legal materials.[6] Among Sheid's legal materials, in addition to legal manuals and files, was a completed petition for a writ of certiorari to the Supreme Court of the United States.[7]

---

[3]Civil Rights Complaint for Damages, Docket Entry No. 7, ¶¶ 4, 10.

[4]Id. ¶ 10. The United States District Court for the Northern District of Texas had dismissed Sheid's § 2255 motion, but the Fifth Circuit, on September 20, 2007, reversed the District Court and remanded for an evidentiary hearing. United States v. Sheid, 248 F. App'x 543, 544-45 (5th Cir. 2007).

[5]See Civil Rights Complaint for Damages, Docket Entry No. 7, ¶ 11.

[6]Id. ¶¶ 10-11.

[7]Id. ¶¶ 10, 14. In the writ petition, Sheid asked the Supreme Court to review certain rulings rendered by the Fifth Circuit and the District Court for the Northern District of Texas in a federal habeas corpus proceeding initiated by Sheid pursuant to 28 U.S.C. § 2254 challenging his state court conviction and sentence in Cause No. 15239 out of Parker County, Texas. The court will provide additional background on the § 2254 proceeding and the petition for a writ of habeas corpus below in Part I.B.

According to Sheid, the petition was due to the Supreme Court by March 9, 2008.[8]

After Sheid arrived in Houston he was told by two unknown Marshals ("John Doe" and "Jane Doe") -- both of whom are defendants in this case[9] -- that he would not be allowed to take his legal materials with him to Fort Worth.[10]  Sheid boarded a van with the two Marshals and was transported to Fort Worth.[11]  He left his legal materials -- including the completed petition for a writ of certiorari -- at the federal building in Houston as instructed.[12]

En route to Fort Worth, one of the unknown Marshals, John Doe, was contacted on his cell phone by another Marshal in Houston.[13] The Marshall calling from Houston asked John Doe to obtain a mailing address from Sheid where his legal materials could be shipped.[14]  Sheid gave John Doe the address of a friend of his, John Anderson, in Keller, Texas.[15]  Sheid contends that John Doe assured

---

[8]Id. ¶ 14.

[9]See id. ¶¶ 6-7.

[10]Id. ¶ 12.

[11]Id.

[12]Id.

[13]Id. ¶ 13.

[14]Id.

[15]Id.

him that his possessions would be shipped to Anderson.[16]

Sheid alleges that while he was in federal custody in Fort Worth, he regularly called Anderson to ask whether his package had arrived.[17] Anderson informed Sheid that he received, via Federal Express, a single envelope from the USMS, but it contained only Sheid's TDCJ identification card.[18] Anderson did not receive Sheid's legal materials.[19]

On February 10, 2008, while still in federal custody in Fort Worth, Sheid wrote to the Clerk of the Supreme Court explaining his situation and asking for an extension of the March 9, 2008, filing deadline for his petition for a writ of certiorari.[20] In a letter dated February 21, 2008, the Clerk replied to Sheid's letter and informed him that an extension could not be granted because his letter did not include several items required by the Court for an

---

[16] Id.

[17] Id. ¶ 18; Plaintiff's Affidavit (Oct. 22, 2008) (included in Small Claims Complaint for Damages, Docket Entry No. 1, at Exhibit C).

[18] Civil Rights Complaint for Damages, Docket Entry No. 7, ¶ 18; Plaintiff's Affidavit (Oct. 22, 2008) (included in Small Claims Complaint for Damages, Docket Entry No. 1, at Exhibit C).

[19] Civil Rights Complaint for Damages, Docket Entry No. 7, ¶ 18; Plaintiff's Affidavit (Oct. 22, 2008) (included in Small Claims Complaint for Damages, Docket Entry No. 1, at Exhibit C).

[20] Civil Rights Complaint for Damages, Docket Entry No. 7, ¶ 16; Letter from David Michael Sheid to Clerk of the Supreme Court of the United States (Feb. 10, 2008) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit D).

extension application.[21]   Specifically, Sheid had failed to include the lower court's opinion, the lower court's order denying rehearing, and proof of service.[22]   Additionally, Sheid had failed to specify the amount of additional time requested.[23]   Sheid alleges that it would have been impossible for him to provide the Supreme Court with several of these items because they, in addition to his completed writ petition, were among his missing legal materials.[24]

On February 27, 2008, the same two Marshals that had transported Sheid from Houston to Fort Worth -- John Doe and Jane Doe -- arrived in Fort Worth to transport him back to Houston.[25] Sheid asked the Marshals about his legal materials.[26]   John Doe told Sheid that he had personally boxed up Sheid's legal materials and that they had been sent via Federal Express to the address that

---

[21]Civil Rights Complaint for Damages, Docket Entry No. 7, ¶ 17; Letter from William K. Suter, Clerk of the Supreme Court of the United States, to David Sheid (Feb. 21, 2008) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit E).

[22]Civil Rights Complaint for Damages, Docket Entry No. 7, ¶ 17; Letter from William K. Suter, Clerk of the Supreme Court of the United States, to David Sheid (Feb. 21, 2008) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit E).

[23]Letter from William K. Suter, Clerk of the Supreme Court of the United States, to David Sheid (Feb. 21, 2008) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit E).

[24]Civil Rights Complaint for Damages, Docket Entry No. 7, ¶ 17.

[25]Id. ¶ 20.

[26]Id.

Sheid provided.[27]   When Sheid asked why the package had never
arrived, John Doe advised Sheid to contact Federal Express.[28]   Jane
Doe told Sheid that he might not receive the package for four to
five months.[29]

After Sheid was returned to TDCJ-ID custody and arrived back
at the Eastham Unit in Lovelady, he wrote to Anderson again asking
about his legal materials.[30]   Anderson replied by letter and
informed Sheid that he still had not received Sheid's legal
materials.[31]   Anderson explained that he had contacted Federal
Express, but Federal Express told him that the only package that
had been shipped to him from the Marshals was the envelope that
contained only Sheid's prison identification card.[32]

In the following months, Sheid mailed a number of letters to
the USMS and filed several grievances with the TDCJ-ID and the USMS
in an attempt to recover his belongings.[33]   None of these efforts

---

[27]Id.

[28]Id.

[29]Id.

[30]Id. ¶ 21.

[31]Id.; Letter from John Anderson to David Michael Sheid
(April 2, 2008) (included in Small Claims Complaint for Damages,
Docket Entry No. 1, at Exhibit D).

[32]Letter from John Anderson to David Michael Sheid (April 2,
2008) (included in Small Claims Complaint for Damages, Docket
Entry No. 1, at Exhibit D).

[33]Civil Rights Complaint for Damages, Docket Entry No. 7,
(continued...)

were successful.[34]

Sheid initiated this action on November 3, 2008.[35] He sued the USMS and the two unknown Marshals, John Doe and Jane Doe, in their official and individual capacities. He initially purported to bring the action under 31 U.S.C. § 3723. This statute provides that the head of a federal government agency may settle a claim "for not more than $1,000 for damage to, or loss of, privately owned property that . . . is caused by the negligence of an officer or employee of the United States Government acting within the scope of employment" if the claim is presented to the agency head within one year after it accrues. 31 U.S.C. § 3723. In his initial Complaint, Sheid sought declaratory relief, money damages in the amount of $742.70 for the replacement costs of his legal materials, and/or an injunction ordering the defendants to immediately return his legal materials. Sheid did not mention that the legal materials included a completed petition for a writ of certiorari.

On November 26, 2008, Sheid filed an amended complaint.[36]

---

[33](...continued) ¶¶ 22-35; Small Claims Complaint for Damages, Docket Entry No. 1, at Exhibits E-P.

[34]Civil Rights Complaint for Damages, Docket Entry No. 7, ¶¶ 22-35.

[35]See Small Claims Complaint for Damages, Docket Entry No. 1.

[36]See Civil Rights Complaint for Damages, Docket Entry No. 7. The postmark on the envelope in which this amended complaint was mailed indicates that Sheid mailed it on November 24, 2008.

Sheid now asserts that this action is brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S. Ct. 1999 (1971), instead of 31 U.S.C. § 3723. He also added allegations regarding the petition for a writ of certiorari. Sheid alleges that because the defendants failed to timely return his completed writ petition, he missed the deadline to file it, and is now "forever barred" from seeking relief in the Supreme Court. Sheid contends that the defendants' actions amount to a violation of his constitutional right to access to the courts. For this injury, he seeks substantially more in money damages than he did in his initial complaint. Sheid now alleges that he is entitled to $125,000 in compensatory and punitive damages from each defendant.

On December 5, 2008, Sheid filed a motion for leave to supplement his complaint[37] along with a supplemental complaint.[38] Sheid explains in this motion to supplement that on November 25, 2008, two United States Marshals -– not the same Marshals that are defendants in this action –- visited him at the Eastham Unit in Lovelady. The two Marshals personally returned to Sheid all of the legal materials that he had left in Houston on January 30, 2008, including his completed petition for a writ of certiorari. Sheid therefore seeks to withdraw from his amended complaint (1) his

[37]Motion for Leave to File a Supplemental Complaint, Docket Entry No. 12.

[38]Plaintiff's Supplementations to Amended Complaint, Docket Entry No. 11.

claim that the loss of his materials constituted an unconstitutional deprivation of property, and (2) his request for an injunction ordering the defendants to return his property.[39] Sheid emphasizes, however, that he still seeks damages for to compensate him for the harm incurred because he was prevented from seeking relief in the Supreme Court.

On January 22, 2009, Sheid filed another motion to amend his complaint.[40]   Sheid seeks to add a paragraph to his amended complaint stating: "Plaintiff also requests injunctive relief of court restoration if possible in the event monetary damages are not available and/or adequate."[41]

Also on January 22, 2009, the USMS filed a Motion to Dismiss.[42] The USMS asserts that the court lacks subject matter jurisdiction over the claims that Sheid has asserted against it, and alternatively, that Sheid has failed to state a claim for which relief can be granted.[43]

The individual defendants, John Doe and Jane Doe, have not yet been served because their identities remain unknown.  Accordingly,

---

[39]Id.

[40]Motion for Leave to File a Supplemental Complaint / and the Supplementations to Amended Complaint, Docket Entry No. 21.

[41]Id.

[42]Motion to Dismiss, Docket Entry No. 22.

[43]Id.

they have not yet entered an appearance in this action.    On
February 18, 2009, Sheid filed a motion asking the court to order
the USMS to disclose the identities of John Doe and Jane Doe so
that he may serve them.[44]

**B.    The Petition for a Writ of Certiorari**

Sheid has provided the court with a copy of the completed
petition for a writ of certiorari that he alleges he was unable to
timely file with the Supreme Court because of the defendants'
actions.[45]    In the writ petition, Sheid asked the Supreme Court to
review certain rulings made by the Fifth Circuit and the District
Court for the Northern District of Texas in Sheid's habeas corpus
proceeding brought pursuant to 28 U.S.C. § 2254[46] challenging his
state court conviction and sentence in Cause No. 15239 from Parker
County, Texas.[47]    In order to understand the claims raised in his

---

[44]Motion Requesting Court Ordered Identification Disclosure
of Unknown Defendants, Docket Entry No. 27.   Sheid has also filed
two other motions.   Sheid filed a Motion for Appointment of
Counsel (Docket Entries No. 18 and 19) and an Emergency Motion
Seeking Order Transferring Prisoner (Docket Entry No. 23).

[45]See Plaintiff's Response to Defendant's Motion to Dismiss,
Docket Entry No. 28, at Exhibit G.

[46]28 U.S.C. § 2254(a) provides that federal courts may
consider an application for "a writ of habeas corpus in behalf of
a person in custody pursuant to the judgment of a State court
only on the ground that he is in custody in violation of the
Constitution or laws or treaties of the United States."

[47]See id.

§ 2254 petition and his petition for writ of certiorari, additional background information is required.

In February of 2003, Sheid was on parole from two drug-related sentences: Cause No. 9355 from Parker County, Texas, and Cause No. 10954 from Palo Pinto County, Texas.[48] On February 20, 2003, Sheid was indicted in Cause No. 15239 in Parker County, Texas, for manufacturing a controlled substance.[49] Around the same time, Sheid was charged with conspiracy to manufacture and distribute methamphetamine in the United States District Court for the Northern District of Texas in Cause No. 4:03-CR-336-A.[50] Sheid's federal criminal case was assigned to United States District Judge John McBryde.[51] Sheid pleaded guilty to the federal charges.

On July 9, 2004, Sheid was sentenced by Judge McBryde in his

---

[48]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2 (N.D. Tex. Sept. 15, 2006). Copies of the District Court's Order and the adopted Findings, Conclusions, and Recommendations of the United States Magistrate Judge and Notice and Order are included in the record as Appendixes B and C to Exhibit G of Plaintifff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28.

[49]Id.

[50]United States v. Sheid, 248 F. App'x 543, 544 (5th Cir. 2007); Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2.

[51]See Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6.

federal criminal case to 180 months in prison.[52] Judge McBryde ordered that Sheid's federal sentence was to run consecutive to any state sentence that he might receive for revocation of his parole in Cause Nos. 9355 and 1094.[53] Judge McBryde's order apparently did not address how Sheid's federal sentence should run with respect to any sentence that Sheid might receive in Cause No. 15239.[54]

On July 20, 2004, Sheid pleaded guilty pursuant to a plea agreement in Cause No. 15239 in state court in Parker County, Texas, and the state court imposed a sentence of 25 years' imprisonment.[55] An express term of the plea agreement provided that Sheid's sentence for this conviction would run concurrently with his federal sentence in Cause No. 4:03-CR-336-A.[56] Consistent with

---

[52]United States v. Sheid, 248 F. App'x at 544; Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6.

[53]United States v. Sheid, 248 F. App'x at 544; Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6.

[54]See United States v. Sheid, 248 F. App'x at 544; Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6.

[55]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6.

[56]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Plaintiff's Response to Defendant's Motion to Dismiss,
(continued...)

the plea agreement, the state court expressly ordered that Sheid's 25-year sentence for Cause No. 15239 would run concurrent to his federal sentence.[57] Sheid did not appeal his federal conviction or sentence in Cause No. 4:03-CR-336-A,[58] nor did he appeal his state court conviction or sentence in Cause No. 15239.[59]

On April 8, 2005, while in the custody of the TDCJ-ID, Sheid received a copy of a letter dated March 7, 2005, from the TDCJ-ID to the USMS.[60] This letter indicated that the TDCJ-ID would turn

[56](...continued) Docket Entry No. 28, at Exhibit G, at 6. See also Ex Parte Sheid, No. WR-63,130-01, 2006 WL 833167, at *1 (Tex Crim. App. March 29, 2006). A copy of the Texas Court of Criminal Appeals' Order is included in the record as Appendix P to Exhibit G of Plaintifff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28. See also Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix M (copy of transcript of state court guilty plea proceeding in Cause No. 15239).

[57]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6. See also Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix L (copy of state court judgment sentencing Sheid to 25 years in prison to run concurrent with federal sentence in Cause No. 4:03-336-A).

[58]United States v. Sheid, 248 F. App'x at 544.

[59]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Ex Parte Sheid, No. WR-63,130-01, 2006 WL 833167, at *1.

[60]Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6.

Sheid over to the USMS when he was released from TDCJ-ID custody.[61] Sheid understood this letter to indicate that his federal and state sentences were not, in fact, running concurrently.[62]

On August 25, 2005, Sheid initiated a state habeas proceeding collaterally attacking his conviction and sentence in Cause No. 15239.[63] Sheid alleged that his guilty plea was unlawfully induced or involuntary because he pleaded guilty with the understanding that his federal and state sentences would run concurrently.[64] Upon the finding of the trial court that the concurrence of the sentences was an express term of Sheid's guilty plea, the Texas Court of Criminal Appeals ("TCCA") indicated that Sheid was entitled to relief.[65] But the only relief the court could grant was "the opportunity for Sheid to withdraw his guilty plea and face the charges against him."[66] Sheid, however, had filed a document clarifying that he sought only specific performance of the plea

---

[61]Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix N.

[62]Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 6.

[63]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2.

[64]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2; Ex Parte Sheid, No. WR-63,130-01, 2006 WL 833167, at *1.

[65]See Ex Parte Sheid, No. WR-63,130-01, 2006 WL 833167, at *1.

[66]Id.

agreement.[67] Because the TCCA could not grant that relief, it dismissed Sheid's writ application without prejudice on March 29, 2006.[68]

On April 5, 2006, Sheid filed in the United States District Court for the Northern District of Texas a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction and sentence in Cause No. 15239.[69] Sheid asserted, as he did in his state habeas proceeding, that his guilty plea in Cause No. 15239 was unlawfully induced or involuntary because he entered into the plea agreement with the understanding that his state and federal sentences would run concurrently.[70] The § 2254 proceeding was assigned to Judge McBryde, the same judge who had presided over and imposed Sheid's sentence in his federal criminal case, Cause No. 4:03-CR-336-A.[71]

The District Court, upon the recommendation of the Magistrate, dismissed Sheid's § 2254 petition as time-barred.[72] The court found

---

[67] Id.

[68] Id.

[69] Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *2.

[70] Id.

[71] See id. at *1.

[72] Id. at *1, *5 (dismissing Sheid's habeas petition as time-barred).

that the petition was filed after the expiration of the applicable one-year limitations period, see 28 U.S.C. § 2244(d), and concluded that Sheid was entitled neither to statutory nor equitable tolling of the limitations period.[73]

Sheid had also filed a motion to recuse, asserting that Judge McBryde was disqualified from presiding over the § 2254 action because Judge McBryde had sentenced Sheid in Sheid's federal criminal case.[74] On the same day it dismissed his § 2254 petition as time-barred, the District Court denied Sheid's motion to recuse.[75]

Sheid filed a notice of appeal.[76] The District Court construed the notice as a request for a certificate of appealability ("COA"),[77] and denied the request.[78] Sheid subsequently filed a

---

[73]Id. at *1, *2-*5. Sheid's conviction and sentence in Cause No. 15239 became final on August 19, 2004. Id. at * 4. Therefore, the one-year limitations period expired on August 19, 2005. Id.

[74]See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 16-21.

[75]Sheid v. Quarterman, No. 4:06-CV-241-A (N.D. Tex. Sept. 15, 2006) (denying Sheid's motion to recuse) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix H).

[76]See Sheid v. Quarterman, No. 4:06-CV-241-A (N.D. Tex. Sept. 27, 2006) (explaining that Sheid had filed a notice of appeal) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix E).

[77]No appeal may be taken in a § 2254 proceeding "[u]nless a (continued...)

motion under Federal Rule of Civil Procedure 60(b) seeking relief from the court's judgment.[79] The District Court denied that motion[80] and denied a COA with regard to that ruling as well.[81]

On appeal, the Fifth Circuit affirmed the District Court's denial of the two COAs, concluding that "Shied has failed to show that reasonable jurists would debate the district court's

---

[77](...continued)
circuit justice or judge issues a [COA] . . . ." 28 U.S.C. § 2253(c)(1). Accordingly, a notice of appeal regarding a § 2254 proceeding is construed as a request for a COA. See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997). If the district court denies a habeas petition on procedural grounds, a COA should only be granted if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000).

[78]Sheid v. Quarterman, No. 4:06-CV-241-A (N.D. Tex. Sept. 27, 2006) (construing Sheid's notice of appeal as a request for a COA and denying the request) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix E).

[79]See Sheid v. Quarterman, No. 4:06-CV-241-A (N.D. Tex. Dec. 6, 2006) (explaining that Sheid had filed a motion for relief from judgment) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix F).

[80]Id.

[81]Sheid v. Quarterman, No. 4:06-CV-241-A (N.D. Tex. Jan. 3, 2007) (construing Sheid's notice of appeal as a request for a COA and denying the request) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix G).

procedural rulings."[82] Sheid filed a petition for reconsideration, but the court denied the petition.[83]

Sheid then prepared a petition for a writ of ceritorari. As explained above, however, Sheid was unable to timely file the petition.

In his unfiled petition for a writ of certiorari Sheid urged the Supreme Court to consider whether the District Court and/or the Court of Appeals violated his due process and equal protection rights by refusing to apply equitable tolling and dismissing his § 2254 petition as time-barred.[84] Sheid also asked the Supreme Court to consider whether the District Court violated Sheid's due process and equal protection rights by denying Sheid's motion to recuse.[85]

---

[82]Sheid v. Quarterman, No. 06-11074 c/w No. 06-11414 (5th Cir. Sept. 18, 2007) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix A). The Court of Appeals discussed the District Court's ruling on the timeliness of Sheid's § 2254 petition and its refusal to apply equitable tolling, but did not address the recusal issue. Id. It is not clear from the record whether Sheid raised the recusal issue in his appeal to the Fifth Circuit.

[83]Sheid v. Quarterman, No. 06-11074 c/w No. 06-11414 (5th Cir. Dec. 10, 2007) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix I).

[84]See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G.

[85]Id.

## II. Sheid's Motions to Amend and Supplement His Pleadings

### A. Motion for Leave to File an Amended/Supplemental Complaint (Docket Entry No. 6)

Sheid filed a Motion for Leave to File an Amended/Supplemental Complaint (Docket Entry No. 6) on November 24, 2008.[86] Sheid, however, was entitled to file an amended complaint "once as a matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). He did so when he filed Civil Rights Complaint for Damages ("Amended Complaint") (Docket Entry No. 7) two days later on November 26, 2008. Therefore, this motion is moot.

### B. Motion for Leave to File a Supplemental Complaint (Docket Entry No. 12)

On December 5, 2008, Sheid filed a Motion for Leave to File a Supplemental Complaint (Docket Entry No. 12)[87] along with Plaintiff's Supplementations to Amended Complaint ("Supplemental Complaint") (Docket Entry No. 11). In this motion Sheid seeks to update his Amended Complaint (Docket Entry No. 7) to account for the fact that his legal materials, including his completed petition for a Writ of Certiorari, were returned to him on November 25,

---

[86] The defendants did not file any response to this motion or otherwise oppose it.

[87] The defendants did not file any response to this motion or otherwise oppose it.

2008. Specifically, Sheid seeks to withdraw paragraph 37 of his Amended Complaint, which alleges that the taking of his legal manuals constituted a violation of the Fifth Amendment's Due Process Clause, as well as paragraph 41, which requests an injunction ordering the defendants to return Sheid's property to him.

Federal Rule of Civil Procedure 15(d) provides that the court may allow a party to file a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The pleading to be supplemented -- Sheid's Amended Complaint (Docket Entry No. 7) -- was filed on November 26, 2008, the day after the events necessitating the supplementation occurred. Sheid, however, mailed his Amended Complaint on November 24, 2008, the day before the events necessitating the supplementation occurred.[88] Therefore, the court concludes that Sheid's proposed supplemental pleading falls within the ambit of Rule 15(d), and will grant his Motion for Leave to File a Supplemental Complaint.

**C. Motion for Leave to File a Supplemental Complaint / and the Supplementations to Amended Complaint (Docket Entry No. 21)**

On January 22, 2009, Sheid filed a Motion for Leave to File a

[88] See Civil Rights Complaint for Damages, Docket Entry No. 7 (envelope in which the document was mailed postmarked November 24, 2008).

Supplemental Complaint / and the Supplementations to Amended Complaint (Docket Entry No. 21).[89] Sheid now seeks to replace paragraph 41 of his Amended Complaint (Docket Entry No. 7), which he has withdrawn in his Supplemental Complaint (Docket Entry No. 11), with a paragraph that reads as follows: "Plaintiff also requests injunctive relief of court restoration if possible in the event monetary damages are not available and/or adequate."[90]

Sheid characterizes this motion as one to supplement his pleadings pursuant to Federal Rule of Civil Procedure 15(d). The proposed change to his Amended Complaint, however, does not "set[] out," and is not related to, "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The court therefore considers this to be a motion to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Moreover, the Fifth Circuit has explained that courts should "give the greatest latitude to pro se prisoner complaints" in civil rights actions. Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Accordingly, the

[89]The defendants did not file any response to this motion or otherwise oppose it.

[90]Leave to File a Supplemental Complaint / and the Supplementations to Amended Complaint, Docket Entry No. 21, at 2.

court will grant this motion.

Therefore, for the purposes of evaluating the remaining motions, the court will look to Sheid's Amended Complaint (Docket Entry No. 7) with two changes: (1) paragraph 37 is omitted pursuant to Sheid's Supplemental Complaint (Docket Entry No. 11), and (2) paragraph 41 is withdrawn and replaced with the language set forth in this motion (Docket Entry No. 21).

## III. USMS's Motion to Dismiss

The USMS filed a Motion to Dismiss (Docket Entry No. 22) contending that the court lacks subject matter jurisdiction over the claims that Sheid has asserted against it. Specifically, the USMS contends that it is shielded from suit by sovereign immunity. Alternatively, the USMS asserts that Sheid has failed to state a claim for which relief can be granted because Bivens suits may not be brought against federal agencies.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 114 S. Ct. 996, 1000 (1994). See also Garcia v. United States, 666 F.2d 960, 966 (5th Cir. 1982) ("An individual cannot sue the United States without its consent."). "Sovereign immunity is jurisdictional in nature." Meyer, 114 S. Ct. at 1000. "[A] waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" United States v. Testan, 96 S. Ct. 948,

953-54 (1976) (quoting United States v. King, 89 S. Ct. 1501, 1503 (1969)).

Sheid has not alleged, and the court is not aware, that the USMS has waived its sovereign immunity via any statute or through any other means. In fact, Sheid concedes in his response to the USMS's motion to dismiss that the USMS is protected by sovereign immunity.[91] Therefore, the court has no jurisdiction over the claims against the USMS.

Alternatively, even if the USMS is not protected by sovereign immunity, a Bivens action may not be brought against a federal agency.[92] Meyer, 114 S. Ct. at 1005-06. See also Correctional Servs. Corp. v. Malesko, 122 S. Ct. 515, 520-21 (2001) ("[I]n FDIC v. Meyer, we unanimously declined an invitation to extend Bivens to permit suit against a federal agency . . . ."). Therefore, Sheid has failed to state a claim for which relief can be granted. Accordingly, the court will grant the USMS's Motion to Dismiss.

[91] Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at 12 ("[T]he U.S. Marshal Service is sovereignly immune from suit in this action . . . .").

[92] Sheid also concedes this point of law. Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at 8 ("Plaintiff concedes, since the U.S. Marshal Service is an agency of the United States government, they are [sic] not individuals and cannot be sued under Bivens.").

## IV. Sheid's Remaining Claims and Motion to Order Identification Disclosure

### A. Claims Against Unidentified, Individual Defendants in Their Official Capacities

The USMS has filed its Motion to Dismiss on its own behalf only, and does not move the court to dismiss the claims against the remaining, individual defendants -- John Doe and Jane Doe.[93] The USMS, however, citing FDIC v. Meyer and Correctional Services Corporation v. Malesko, notes that any attempt to bring a suit against the unidentified defendants in their official capacity would be "frivolous."[94]

Sheid, in his response to the USMS's motion to dismiss, does not dispute the USMS's assertion that the individual defendants cannot be sued in their official capacities.[95] Indeed, suits

---

[93]See Motion to Dismiss, Docket Entry No. 22, at 1 ("Now comes defendant U.S. Marshal Service only, and . . . moves for dismissal as a matter of law.").

[94]Id. at 7 n.2. In Meyer and Malesko, the Supreme Court explained that Bivins actions may only be brought against federal government officers in their individual capacities. See Malesko, 122 S. Ct. at 522 (explaining that a Bivens plaintiff's "only remedy lies against the individual" (emphasis added)); Meyer, 114 S. Ct. at 1005 (explaining that the Bivens cause of action should not be extended to government agencies, but should be limited only to individual government officers).

[95]See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at 8 ("[P]laintiff concedes that suing the officials in their official capacities may be inappropriate . . . ."); id. at 12 ("Bivens claims are not actionable against the United States, federal agencies, or public officials acting in (continued...)

against government officers in their official capacities are considered to be suits against the government itself. Kentucky v. Graham, 105 S. Ct. 3099, 3105 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." (Citations and internal quotation marks omitted)). As explained above, it does not appear that the federal government has waived sovereign immunity in this case. Therefore, the court lacks subject matter jurisdiction over Sheid's claims against the unidentified defendants in their official capacities. See Meyer, 114 S. Ct. at 1000 ("Sovereign immunity is jurisdictional in nature."). Alternatively, Bivens suits may not be brought against the government, see Meyer, 114 S. Ct. at 1005-06; Malesko, 122 S. Ct. at 520-21, so these are not claims for which relief can be granted. Therefore, the court will sua sponte dismiss the claims against the unknown, individual defendants in their official capacities.[96]

---

[95](...continued)
their official capacities.").

[96]A court may, and in fact must, sua sponte dismiss a claim for which it lacks subject matter jurisdiction. Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985) (per curiam) ("United States District Courts . . . have the responsibility to consider the question of subject matter jurisdiction sua sponte
(continued...)

**B. Claims Against Unidentified, Individual Defendants in Their Individual Capacities and Sheid's Motion to Order Identification Disclosure (Docket Entry No. 27)**

In its Motion to Dismiss, the USMS also notes that the individual defendants have not yet been served and asserts that "no federal employee is presently before the court in any capacity."[97] In response, Sheid explains that he has done all that he can to serve the individual defendants.[98] He contends that the USMS has ignored his repeated requests to disclose the identities of the unidentified defendants and argues that it would be inappropriate to dismiss the claims against them at this point.[99] Moreover, although Sheid concedes that his claims against the USMS and the

---

[96](...continued)
if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking."). Moreover, a court may sua sponte dismiss for failure to state a claim "'as long as the procedure employed is fair.'" Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed. 1990)). Fairness may, in some cases, require notice of the court's intent and an opportunity to respond. See Lozano v. Ocwen Federal Bank, FSB, 489 F.3d 636, 642-43 (5th Cir. 2007). At the very least, however, the plaintiff must be given the opportunity to "allege[] his 'best case.'" Id. at 643 (citing Bazrowx, 136 F.3d at 1054). For these claims, the court's sua sponte dismissal is fair because Sheid agrees that these claims are not viable. See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at 8, 12.

[97]Motion to Dismiss, Docket Entry No. 22, at 1 n.1.

[98]See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at 9-10.

[99]Id. at 9.

unidentified defendants in their official capacities are not viable, he devotes the majority of his response to arguing that he has stated viable claims against the individual defendants in their individual capacities.[100]

Sheid has also filed a Motion Requesting Court Ordered Identification Disclosure of Unknown Defendants (Docket Entry No. 27). In this motion, Sheid asks the court to order the USMS to disclose the names of the unidentified defendants or to allow him to conduct limited discovery to learn their identities.

1. Qualified Immunity

Plaintiffs should generally be given an opportunity to identify unknown defendants through discovery. See Colle v. Brazos County, 981 F.2d 237, 243 n.20 (5th Cir. 1993) (citing with approval Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("[P]laintiff should be given an opportunity through discovery to identify the unknown defendants . . . .")). See also Hittle v. City of Garland, No. 92-1492, 1993 WL 309911, at *2 (5th Cir. May 6, 1993) (not designated for publication) ("A plaintiff should be given an opportunity through discovery to determine the identity of a defendant . . . ." (citing Colle, 981 F.2d at 243)). In this case, however, the unidentified defendants, as officers of the USMS, are protected by qualified immunity. See Harlow v.

[100]See id. at 7-21.

Fitzgerald, 102 S. Ct. 2727, 2738 (1982) (holding that qualified immunity applies to "government officials performing discretionary functions"). Qualified immunity shields them "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Id. Moreover, as the Fifth Circuit has emphasized, qualified immunity "extends beyond just a defense to liability . . . ." Jacquez, 801 F.2d at 791. It "include[s] all aspects of civil litigation." Id. In other words, it "is an immunity from suit . . . ." Id. Accordingly, this court has "an obligation . . . to carefully scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad-reaching discovery." Id. (citing Mitchell v. Forsyth, 105 S. Ct. 2806, 2816 (1985)).

2. Sheid's Claim –- Denial of Access to the Courts

Sheid asserts a claim for denial of his constitutional right of access to the courts.[101] The Supreme Court has recognized two

[101]The textual basis for the constitutional right of access to the courts is "unsettled," since "[d]ecisions of [the Supreme Court] have grounded the right" in various Constitutional clauses, including the Privileges and Immunities Clause of Article IV, the Petition Clause of the First Amendment, the Fifth Amendment's Due Process Clause, and the Equal Protection Clause of the Fourteenth Amendment. Christopher v. Harbury, 122 S. Ct. 2179, 2186 & n.12 (2002). The Supreme Court has recognized Bivens causes of action to remedy only a limited number of constitutional violations. See Malesko, 122 S. Ct. at 519-20 (explaining that the Court has recognized Bivens actions to
(continued...)

categories of denial of access to the courts claims. Christopher v. Harbury, 122 S. Ct. 2179, 2185 (2002). The first category involves claims "that systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Id. The second category involves claims "of specific cases that cannot now be tried" because of some official action, "no matter what official action may be in the future." Id. at 2186. Cases in this second category "do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." Id. (footnotes omitted).

Sheid's contends that the individual defendants, by taking his completed petition for a writ of certiorari and not returning it until well past the due date, have made the remedy he sought in the

[101](...continued)
remedy only three types of constitutional violations: (1) Fourth Amendment violations, (2) Fifth Amendment Due Process violations, and (3) Eighth Amendment Cruel and Unusual Punishment violations). Further, the Court has recently "been reluctant to extend Bivens liability 'to any new context . . . .'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) (quoting Malesko, 122 S. Ct. at 520). Therefore, it is unclear whether Sheid can bring a Bivens action based on an infringement of the right of access to the courts. Nevertheless, the court assumes arguendo that an access to the courts claim can be brought under Bivens. Cf. Harbury, 122 S. Ct. at 2185 n.6 (noting that the defendant "did not challenge below the existence of a cause of action under Bivens," and therefore "express[ing] no opinion on the matter in deciding this case").

Supreme Court now unattainable.[102] Therefore, his claim falls into the second category.

To succeed on his claim Sheid must do more than show that it fits within one of the two general paradigms. He must also show that he has actually "suffered injury by being shut out of court." Id. at 2186-87. Accord Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998) ("[W]ithout proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim."). To do this, Sheid must show that his underlying claims -- the claims he would have raised in his petition for a writ of certiorari had he been able to file it -- are "nonfrivolous" and at least "arguable." Harbury, 122 S. Ct. at 2187 (quoting Lewis v. Casey, 116 S. Ct. 2174, 2181 & n.3 (1996)). See also Ruiz, 160 F.3d at 275 (affirming the district court's rejection of a prisoner's access-to-the-courts claim because his "appeal was ultimately frivolous," and therefore, "no real prejudice resulted").

a. Sheid's First Underlying Claim

In his petition for a writ of certiorari, Sheid first asserted that the District Court and the Fifth Circuit had incorrectly concluded that his § 2254 petition was time-barred under 28 U.S.C.

---

[102] Although Sheid has not cited any statute, procedural rule, or other authority in support of his assertion that he is "forever barred" from seeking relief in the Supreme Court, the court assumes arguendo that Sheid's assertion is correct.

§ 2244(d).[103] Sheid admitted that he filed his petition more than one year after his state court judgment became final,[104] i.e., after August 19, 2005.[105] See 28 U.S.C. § 2244(d)(1)(A). He argued, however, that he was entitled to equitable tolling of the limitations period because he was misled by the state court that sentenced him in Cause No. 15239 into believing that his state and federal sentences would run concurrently.[106] Because the state court explicitly ordered that Sheid's sentence in Cause No. 15239 was to run concurrently with his federal sentence in Cause No.

---

[103]Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 9-16.

[104]See id. at 14.

[105]Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *4 ("Sheid had one year [after his state court judgment became final], or until August 19, 2005, within which to file a timely federal habeas corpus action.").

[106]Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 10-16. In support of this argument, Sheid cited Alexander v. Cockrell, 294 F.3d 626, 628-30 (5th Cir. 2002) (holding that the District Court did not abuse its discretion by applying equitable tolling where, among other things, the Fifth Circuit had misled the petitioner by (1) dismissing his previous habeas petition without prejudice so that he could first pursue relief in state court, and (2) indicating that he could file another habeas claim in federal court if he did not succeed in state court even though the statute of limitations for filing a federal habeas petition had already expired) and United States v. Patterson, 211 F.3d 927, 929-932 (5th Cir. 2000) (holding that the District Court should have applied equitable tolling because the District Court had mislead the petitioner by, among other things, granting the petitioner's request to dismiss a previous petition without prejudice so that he could obtain the assistance of an experienced writ-writer and later re-file even though the one-year limitations period had already expired).

4:03-CR-336-A, Sheid asserted that he had no reason to suspect that he might not actually receive credit toward his federal sentence for the time he served in state custody. He contended that he had no way to know that his sentences were not actually running concurrently until he received the letter from the TDCJ to the USMS on April 8, 2005.

Equitable tolling only applies in "rare and exceptional circumstances." Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (quoting Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000)). The doctrine should not be applied "where the applicant failed to diligently pursue habeas corpus relief . . . and 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" Id. (quoting Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999)).

Even accepting Sheid's argument that he had no way of knowing that his sentences were not running concurrently until April 8, 2005, he did not initiate the collateral attack process for over four months, when he filed a state habeas application on August 25, 2005. Accordingly, he "failed to diligently pursue habeas corpus relief." Id. Moreover, Sheid raised the same argument in the District Court and in the Court of Appeals, and both courts rejected it. The District Court specifically found that Sheid could have discovered that his state and federal sentences were not

running concurrently if he had exercised due diligence.[107] The District Court also pointed out that "federal authorities are not bound by sentencing orders from state courts."[108] Sheid's ignorance of this point of law did not excuse his untimely filing. See Alexander, 294 F.3d at 629. Sheid requested a COA, but the District Court concluded that Sheid had "not made a credible showing that his claim was not procedurally barred," and denied the COA.[109] On appeal, the Fifth Circuit affirmed the District Court, concluding that "Sheid ha[d] failed to show that reasonable jurists would debate the district court's procedural rulings."[110] If reasonable jurists would not even debate the correctness of the District Court's application of the one-year statute of limitations, then this court cannot conclude that the first claim in Sheid's petition for a writ of certiorari was "nonfrivolous" or "arguable."

---

[107] Sheid v. Quarterman, No. 4:06-CV-241-A, 2006 WL 2707424, at *3, *5.

[108] Id. at *3 (citing Leal v. Tombone, 341 F.3d 427, 429 n.13 (5th Cir. 2003); Pierce v. Fleming, 150 F. App'x 344, 345 (5th Cir. 2005)).

[109] Sheid v. Quarterman, No. 4:06-CV-241-A (N.D. Tex. Sept. 27, 2006) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix E).

[110] Sheid v. Quarterman, No. 06-11074 c/w 06-11414, (5th Cir. Sept. 18, 2007) (included in Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at Appendix A).

b. Sheid's Second Underlying Claim

In Sheid's second claim in his unfiled petition for a writ of certiorari he asserted that the District Court should have granted his motion to recuse.[111] Specifically, Sheid argued that Judge McBryde was disqualified to preside over Sheid's § 2254 proceeding because Judge McBryde had only recently sentenced Sheid in his federal criminal case. Invoking 28 U.S.C. § 455(b)(4), Sheid argued that Judge McBryde had an "interest that could be substantially affected by the outcome of the proceeding" because he was the judge that had imposed the federal sentence that Sheid believed should have been running concurrent to his state sentence.[112]

Sheid has cited no precedent, and the court is not aware of any, in which a court concluded that a judge had an "interest" in a sentence that he had imposed such that he was disqualified from presiding over a proceeding challenging the sentence. In fact, it is not uncommon for federal judges to review their own sentences. Motions by federal prisoners under 28 U.S.C. § 2255 –- the analogue

---

[111]Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at Exhibit G, at 16-21.

[112]In full, 28 U.S.C. § 455(b)(4) provides that a federal judge should disqualify himself if "[h]e knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

to § 2254 for federal prisoners[113] -- must be filed in "the court which imposed the sentence . . . ." 28 U.S.C. § 2255(a). If a judge had an "interest" in a sentence he imposed, it would not be appropriate for him to be the one to rule on a § 2255 motion challenging that sentence. But that is exactly what § 2255 calls for, and that is the practice regularly followed by federal courts. Therefore, the court concludes that judges do not have an "interest," within the meaning of § 455(b)(4), in sentences that they impose.

Moreover, in his § 2254 petition Sheid did not challenge his federal sentence. He challenged his state court conviction and sentence with which Judge McBryde had no involvement. If a judge does not have an "interest" in a sentence that he himself imposes, then he certainly does not have an "interest" in a sentence that a court in another jurisdiction imposes, even if the two cases are somewhat related. Therefore, the court concludes that Sheid's second claim in his petition for a writ of certiorari was also frivolous.

3. Conclusion

Because Sheid's claims in his unfiled petition for a writ of certiorari were frivolous, it would be inappropriate for the court to order the USMS to disclose the names of the two unidentified

---

[113]See Patterson, 211 F.3d at 930 (describing § 2254 petitions as "analogous" to § 2255 motions).

defendants. See Jacquez, 801 F.2d at 791 (explaining that qualified immunity includes immunity from "all aspects of civil litigation" and admonishing courts to scrutinize a plaintiff's complaint before "subjecting public officials to the burdens of broad-reaching discovery"). Therefore, the court will deny Sheid's Motion Requesting Court Ordered Identification Disclosure of Unknown Defendants.

Furthermore, Sheid has failed to state a claim for denial of access to the courts. See Ruiz, 160 F.3d at 275 ("[W]ithout proving an actual injury, a prisoner cannot prevail on an access-to-the-courts claim."). Accordingly, the court will sua sponte dismiss the claims against the unidentified, individual defendants.[114]

---

[114]As noted above, a court may sua sponte dismiss for failure to state a claim "'as long as the procedure employed is fair.'" Bazrowx, 136 F.3d at 1054 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 301 (2d ed. 1990)). The court's sua sponte dismissal is fair for these claims because Sheid has been given the opportunity to "allege[] his 'best case.'" Lozano, 489 F.3d at 642-43. The court has granted all of Sheid's requests to amend and/or supplement his pleadings and Sheid's response to the USMS's Motion to Dismiss was primarily devoted to arguing that the claims he has stated against the unidentified, individual defendants are viable. See Plaintiff's Response to Defendant's Motion to Dismiss, Docket Entry No. 28, at 7-22. The court also notes that it cannot grant the injunctive relief of "court restoration" that Sheid seeks. This court does not have jurisdiction to order the Supreme Court to accept Sheid's untimely petition for a writ of certiorari, nor may this court order another federal court to "restore" Sheid's § 2254 action.

## V. Other Motions

### A. Motion for Appointment of Counsel (Docket Entries No. 18 and 19)

Sheid filed a motion requesting that the court appoint counsel to represent him in this action pursuant to 28 U.S.C. § 1915(e)(1). This statute provides that a court may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Because the court has granted Sheid's Motion to Proceed In Forma Pauperis,[115] the court assumes that Sheid is unable to afford an attorney. Nevertheless, "there is no automatic right to appointment of counsel in a civil rights case." Baranowski v. Hart, 486 F.3d 112, 126 (5th Cir. 2007) (citing Castro Romero v. Becken, 256 F.3d 349, 353-54 (5th Cir. 2001). The court should consider four factors in determining whether it should exercise its discretion to request counsel pursuant to § 1915(e)(1): (1) "the type and complexity of the case," (2) "whether the indigent is capable of adequately presenting his case," (3) "whether the indigent is in a position to investigate adequately the case," and (4) "whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).

---

[115] See Order, Docket Entry No. 4 (granting Sheid's Motion to Proceed In Forma Pauperis (Docket Entry No. 2)).

This case is somewhat complex in that it requires the analysis of the merits of Sheid's unfiled petition for a writ of habeas corpus. Sheid, however, has proved more than capable of representing himself. He has demonstrated the ability to investigate the facts, conduct legal research, and to clearly state legal arguments. Furthermore, there are virtually no controverted facts in this case. The USMS does not contradict any of Sheid's factual allegations, and the court assumes for the purposes of this opinion that all of Sheid's allegations are true. Sheid's claims fail not because the facts are in dispute or because he has inadequately represented himself, but because he has not suffered a legally compensable injury. Accordingly, the court will deny Sheid's motion for appointment of counsel.

**B. Emergency Motion Seeking Order Transferring Prisoner (Docket Entry No. 23)**

On December 22, 2008, Sheid was paroled from TDCJ-ID custody and was transferred to federal custody.[116] Sheid was initially held at the Joe Corley Detention Facility in Conroe, Texas.[117] While held at the Corley Facility, on January 29, 2009, Sheid filed this motion requesting that the court order him transferred elsewhere.[118]

---

[116]See Emergency Motion Seeking Order Transferring Prisoner, Docket Entry No. 23.

[117]Id.

[118]Id.

Sheid alleged that the legal library at the Corley Facility was inadequate and prevented him from effectively litigating several pending state and federal actions.[119] However, he was apparently transferred to the federal Bureau of Prisons' facility in Beaumont, Texas, no later than February 12, 2009, because on that date he filed a notice of change of address with the court indicating that he is now housed there in which he is proceeding pro se.[120] Therefore, this motion is now moot.

## VI. Order

For the reasons set forth above, Sheid's Motion for Leave to File Supplemental Complaint (Docket Entry No. 12), and Motion for Leave to File a Supplemental Complaint / and the Supplementations to Amended Complaint (Docket Entry No. 21) are **GRANTED.** Sheid's Motion for Leave to File an Amended/Supplemental Complaint (Docket Entry No. 6) and his Emergency Motion Seeking Order Transferring Prisoner (Docket Entry 23) are **MOOT**. Sheid's Motion for Appointment of Counsel (Docket Entries No. 18 and 19) and Motion Requesting Court Ordered Identification Disclosure of Unknown Defendants (Docket Entry No. 27) are **DENIED**.

The USMS's Motion to Dismiss (Docket Entry No. 22) is **GRANTED.** All of Sheid's claims, including his claims against the

[119] Id.

[120] Notice of Change of Address, Docket Entry No. 25.

unidentified, individual Marshals, are **DISMISSED WITH PREJUDICE**.

**SIGNED** at Houston, Texas, on this 17th day of June, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE